```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Thomas McNulty

    v.                                 Case No. 08-cv-52-PB

United States Of America


**O R D E R**

On May 23, 2008 I vacated Thomas McNulty's guilty plea and sentence because I determined that his attorney provided him with ineffective assistance of counsel.[1]  McNulty argues that in addition to this relief, I should also require the government to reinstate a prior plea offer for an agreed-upon five-year prison sentence that McNulty claims he rejected because of his counsel's deficient advice.  The government objects.

The specific relief McNulty seeks is unusual and there is no binding precedent on point.  Before I compel the government to re-offer a plea agreement that it no longer believes is appropriate, I must determine whether I would be willing to accept the proposed plea agreement.  It would be an exercise in

---

[1] McNulty also previously waived his right to indictment by the grand jury but he does not seek to have my order accepting his waiver vacated.

futility to require the government to re-offer a plea agreement that I later determine is unacceptable. Accordingly, I direct the clerk to schedule a further hearing to give the defendant the opportunity to demonstrate that I should accept the plea agreement that he asks me to compel the government to re-offer. If I determine that the proposed plea agreement is acceptable, I will then determine whether I have the power to compel the government to re-offer the agreement.

    SO ORDERED.

/s/Paul Barbadoro

Paul Barbadoro
United States District Judge

July 14, 2008

cc:   Aixa Maldonado-Quinones, AUSA
      Cathy J. Green, Esq.
      Nathan Z. Dershowitz, Esq.
      Victoria B. Eiger, Esq.
      United States Probation
      United States Marshal